

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

November 9, 1989

Honorable Bill Turner
District Attorney
300 E. 26th Street, Suite 310
Brazos County Courthouse
Bryan, Texas 77803

Opinion No. JM-1113

Re:  Whether  a  county  may
make a pay raise   retroactive
to time when funds were  bud-
geted for pay raises. (RQ-1722)

Dear Mr. Turner:

You ask the following question:

> Are  Brazos  County  department  heads
> prohibited by Article  3,  Section  53 of  the
> Texas Constitution  from  distributing  merit
> pay raises to county employees  retroactively
> from January 1,  1989 to  the present,  where
> such merit  pay  raises  were  authorized  by
> order of  the  Brazos  County  Commissioners'
> Court on September 29, 1988 for inclusion  in
> the  1989  budget,  but  were  not   actually
> distributed previously  due  to  reliance  by
> such  department  heads  on  an  erroneous
> directive  from  one  of  the  County
> Commissioners?

You explain that  in September 1988  the Brazos  County
Commissioners Court approved a budget that included a  merit
pay increase  program under  which a  set number  of  county
employees  would  receive  a  merit  pay  increase.   The
commissioners  court  voted  to  use  the  previous  year's
guidelines for granting merit raises.  In December 1988  the
county judge, acting  on his own,  distributed a  memorandum
stating that department heads  would receive guidelines  for
distributing  merit  pay  raises  in  January  1989.   The
department  heads  waited  several  months  to  receive
guidelines, during which time they did not seek approval  of
merit pay  increases  for  any  individual.   Eventually  it
became clear  that the  commissioners court  had not  issued
guidelines because the guidelines  had not changed from  the
previous year.  Merit  pay increases  for certain  employees
were then approved from May 1, 1989, forward.  <u>See generally</u>

Local Gov't Code § 152.011 (commissioners court is to set compensation for employees paid wholly from county funds); Attorney General Opinion H-11 (1973)(concluding that salary for county employees -- but not county officers -- may be set at any time of year). You ask whether those pay increases may be made retroactive to the beginning of the budget year.

Article III, section 53, of the Texas Constitution prohibits a county from granting extra compensation to county employees after their services have been rendered. Fausett v. King, 470 S.W.2d 770, 774 (Tex. Civ. App. - El Paso 1971, no writ). We think that prohibition applies in the circumstances you describe.

We understand from your brief that the commissioners did not approve raises for individual employees when they adopted the budget; they merely budgeted funds to be used for merit increases for a certain number of as yet unidentified employees. You suggest that Taxpayers' Ass'n v. Houston Indep. School Dist., 81 S.W.2d 815 (Tex. Civ. App. - Galveston 1935, writ dism'd), supports the proposition that the Brazos County merit raises may be made retroactive. In that case the court considered whether a school district could restore in part cuts it had made in teachers' salaries for previous years. In concluding that such restoration was permissible under article III, section 53, the court wrote:

> The partial restoration . . . did not constitute an increase in such original and prevailing salaries; hence were not in violation of [article III, section 35,] because such originally prevailing salary schedules and the contracts from which they proceeded had never been abrogated, but instead, due to the financial stringency that caused them, had merely been temporarily suspended as an emergency measure, upon the distinct and mutual understanding between all parties that such was the case and that they would be so restored if and when the cause of making them had been removed . . . .

Id. at 819.

We do not think the holding in the Houston Independent School District case is applicable in this instance. In that case salaries had been approved and were later cut. In

this situation no merit raise for any individual employee was ever approved for the period before May 1, 1989.

Several prior opinions of this office support the conclusion that article III, section 53, prohibits retroactive raises in the circumstances you describe. In Attorney General Opinion O-5104 (1943), this office held that the fact that a commissioners court could have allowed additional amounts of compensation in past years would not allow the court to pay such amounts retroactively. Several years later, this office held that where a commissioners court was authorized to increase an officer's compensation by $750 per year, it could only grant an increase in the current year in proportion to the number of months remaining in the year. Attorney General Opinion O-6736 (1946). Similarly, we think that the fact that the commissioners court budgeted funds for merit raises does not give the court authority to make individual raises retroactive to the date on which funds were available for merit raises. See generally Attorney General Opinion MW-68 (1979)(stating that school board could adopt policy of granting salary increases in future years, but policy would not bind board to actually make such increases).

## S U M M A R Y

Article III, section 53, of the Texas Constitution prohibits a county from making salary increases for county employees retroactive.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General